IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JIM REHERMAN, Individually and on behalf of all others similarly situated,<br>    Plaintiff,<br><br>v.<br><br>KODA HOLDINGS, LLC d/b/a KODA RESOURCES,<br>    Defendant. | C.A. No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

1. Plaintiff Jim Reherman (Reherman) brings this action individually and on behalf of all current and former Company Men (Putative Class Members) who worked for Koda Holdings, LLC d/b/a Koda Resources (Koda) and were paid a day rate with no overtime compensation.

2. Reherman worked for Koda as a Company Man.

3. Reherman and the Putative Class Members (as defined below) regularly worked for Koda in excess of forty (40) hours each week.

4. But Koda did not pay them overtime.

5. Instead of paying overtime as required by the FLSA, Koda improperly paid Reherman and the Putative Class Members a daily rate with no overtime compensation.

6. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers

## JURISDICTION & VENUE

7. This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq.*

8. For at least the past three years, Koda has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

9. This Court has personal jurisdiction over Koda because Koda is incorporated in Delaware.

10. Pursuant to 28 U.S.C. § 1391, venue is proper in the District of Delaware because Koda is a resident entity of this judicial district and is subject to the court's personal jurisdiction with respect to the civil action in question.

## THE PARTIES

11. Plaintiff Reherman worked for Koda from approximately December of 2018 through March of 2020.

12. Reherman did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.

13. Reherman's consent to be a party plaintiff is attached as Exhibit A.

14. Reherman brings this action on behalf of himself and all similarly situated Company Men who were paid by Koda's day rate pay plan. Koda paid each of these workers a flat amount for each day worked.

15. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> All current and former Company Men who worked for or on behalf of Koda Holdings, LLC. and who were paid according to its day rate pay plan in the past three (3) years (the "Putative Class Members").

16. Koda is a company doing business throughout the Rocky Mountain Region. Koda may be served by serving its registered agent for service of process: **Capitol Services, Inc.** 108 Lakeland Ave., Dover, Delaware, 19901.

17. In June of 2020 Middle Fork Energy Partners, LLC ("Middle Fork") combined with Koda, and Koda assumed all of Middle Fork's assets and liabilities.

## COVERAGE UNDER THE FLSA

18. At all times hereinafter mentioned, Koda was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19. At all times hereinafter mentioned, Koda was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

20. At all relevant times, Koda has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

21. At all relevant times, Koda has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, flashlights, smart phones/devices, badges, uniforms, computers, personal protection equipment, etc.) that have been moved in or produced for commerce.

22. In each of the past 3 years, Koda's annual gross volume of sales has well exceeded $1,000,000.

23. At all relevant times, Reherman and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

24. Koda uniformly applied its policy of paying its Company Men, including Reherman, a day rate with no overtime compensation.

25. Koda applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or geographic location.

26. By paying its Company Men a day rate with no overtime compensation, Koda violated (and continues to violate) the FLSA's requirement that it pay employees at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

27. As a result of this policy, Koda and the Putative Class Members do not receive overtime as required by the FLSA.

28. Koda's uniform compensation scheme of paying its Company Men a day rate with no overtime compensation for weeks in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## ADDITIONAL FACTS

29. Koda is "focused on the acquisition and development of oil and gas properties in the Rocky Mountain Region."[1]

30. In order to make the goods and provide the services it markets, Koda employs Company Men like Reherman and the Putative Class Members.

31. To complete its business objectives, Koda hired personnel, such as Reherman, to perform drilling services.

32. While exact job titles may differ, these workers were subjected to the same or similar illegal pay practices for similar work in the oilfield.

33. Throughout his employment, Plaintiff Reherman worked for Koda as a Company Man in Utah.

34. Koda paid Reherman and the Putative Class Members a day rate for each day worked.

35. Based on the schedules set by Koda, Reherman and the Putative Class Members worked over forty (40) hours nearly every workweek they performed services for Koda.

---

[1] https://www.kodaresources.com/ (last visited January 13, 2022).

36. Although it is well-known that blue-collar oilfield workers like Reherman and the Putative Class Members are not exempt from overtime, Koda did not pay Reherman and the Putative Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

37. Reherman's and the Putative Class Members' primary job duties included performing daily checklists, familiarizing themselves with the established drilling operational procedures, and performing other oilfield related functions on various job sites.

38. Upon information and belief, Reherman and the Putative Class Members would conduct their day-to-day activities within mandatory and designed parameters and in accordance with pre-determined operational plans created by Koda.

39. Upon further information and belief, Reherman's and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Koda.

40. Virtually every job function was pre-determined by Koda, including the tools to use at a job site, the schedule of work, and related work duties. Reherman and the Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters.

41. Moreover, Reherman's and the Putative Class Members' job functions were primarily routine and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

42. Indeed, Reherman and the Putative Class Members are blue-collar workers.

43. They rely on their hands, physical skills, and energy to perform manual and routine labor in the oilfield.

44. Koda determined the hours Reherman and the Putative Class Members worked.

45. Koda set Reherman's and the Putative Class Members' pay and controlled the number of days (and hours) they worked.

46. Koda set all employment-related policies applicable to Reherman and the Putative Class Members.

47. Koda maintained control over pricing and marketing. Koda also chose equipment and product suppliers.

48. Koda owned or controlled the equipment and supplies that Reherman and the Putative Class Members used to perform their work.

49. Koda had the power to hire and fire Reherman and the Putative Class Members.

50. Koda made all personnel and payroll decisions with respect to Reherman and the Putative Class Members, including but not limited to, the decision to pay Reherman and the Putative Class Members a day rate with no overtime pay.

51. Koda provided tools and equipment that Reherman and the Putative Class Members used.

52. Reherman and the Putative Class Members did not employ their own workers.

53. Reherman and the Putative Class Members worked continuously for Koda on a permanent full-time basis.

54. Koda, instead of Reherman and the Putative Class Members, made the large capital investments in leases, buildings, equipment, tools, and supplies. Moreover, Koda paid operating expenses like rent, payroll, marketing, insurance, and bills.

55. Reherman and the Putative Class Members relied on Koda for their work.

56. Reherman and the Putative Class Members did not market any business or services of their own.

57. Instead, Reherman and the Putative Class Members worked the hours assigned by Koda, performed duties assigned by Koda, worked on projects assigned by Koda, and worked for the benefit of Koda.

58. Reherman and the Putative Class Members did not earn a profit based on any business investment of their own.

59. Rather, Reherman's and the Putative Class Members' earning opportunity stemmed only from the number of days they were allowed to work, which was controlled by Koda.

60. Koda improperly classified Reherman and the Putative Class Members as independent contractors.

61. The classification was improper because Reherman and the Putative Class Members were not in business for themselves.

62. Instead, they were economically dependent upon Koda for their work.

63. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

64. Koda denied Reherman and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice.

65. Reherman and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

66. Koda applied this pay practice despite clear and controlling law that states that Reherman and the Putative Class Members were Koda's **non-exempt** employees, and not independent contractors.

67. Accordingly, Koda's pay policies and practices blatantly violated (and continue to violate) the FLSA.

68. To continue operating, Koda relies on Company Men.

69. While exact job titles and job duties may differ, these Company Men are subjected to the same or similar illegal pay practices for similar work.

70. Reherman was not guaranteed a salary.

71. Koda cannot demonstrate that Reherman was paid on a salary basis in accordance with the FLSA.

72. Koda cannot demonstrate that Reherman was not its employee for purposes of the FLSA.

73. Reherman's and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

74. Reherman and the Putative Class Members did not (and currently do not) have the authority to hire or fire other employees, and they were not (and currently are not) responsible for making hiring or firing recommendations.

75. Moreover, Reherman and the Putative Class Members did not (and currently do not) supervise two or more employees.

76. Reherman's and the Putative Class Members' duties did not (and currently do not) concern work directly related to the management or general business operations of Koda.

77. Reherman and the Putative Class Members did not employ their own workers.

## CAUSES OF ACTION - COUNT ONE
### (Collective Action Alleging FLSA Violations)

### FLSA VIOLATIONS

78. All previous paragraphs are incorporated as though fully set forth herein.

79. Specifically, Reherman and the Putative Class Members are (or were) non-exempt employees who worked for Koda and were engaged in oilfield services that were directly essential to the production of goods for Koda and related oil and gas exploration and production companies. 29 U.S.C. § 203(j).

80. At all times hereinafter mentioned, Reherman and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

81. In violating the FLSA, Koda acted willfully, without a good faith basis, and with reckless disregard of applicable federal law.

82. The proposed collective of similarly situated employees, i.e., Putative Class Members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 15.

83. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Koda.

84. Koda violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

85. Reherman and the Putative Class Members have suffered damages and continue to suffer damages as a result of Koda's acts or omissions as described herein, and Koda is in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.

86. Moreover, Koda knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Reherman and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

87. Koda knew or should have known its pay practices were in violation of the FLSA.

88. Koda is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

89. Reherman and the Putative Class Members, on the other hand, are (and were) unsophisticated employees who trusted Koda to pay overtime in accordance with the law.

90. The decision and practice by Koda to not pay overtime was neither reasonable nor in good faith.

91. Accordingly, Reherman and the Putative Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

92. All previous paragraphs are incorporated as though fully set forth herein.

93. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Reherman.

94. Other similarly situated employees have been victimized by Koda's patterns, practices, and policies, which are in willful violation of the FLSA.

95. The Putative Class Members are defined in Paragraph 15.

96. Koda's failure to pay any overtime compensation results from generally applicable policies and practices and does not depend on the personal circumstances of the individual Putative Class Members.

97. Thus, Reherman's experiences are typical of the experiences of the Putative Class Members.

98. The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

99. All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

100. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

101. Indeed, the Putative Class Members are blue-collar oilfield workers entitled to overtime after forty (40) hours in a week.

102. Koda has employed a substantial number of similarly situated Company Men since January 2019.

103. Upon information and belief, these workers are geographically dispersed, residing and working in locations across the United States.

104. Because these workers do not have fixed work locations, they may work in different states across the country in the course of a given year.

105. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Koda will retain the proceeds of its rampant violations.

106. Moreover, individual litigation would be unduly burdensome to the judicial system.

107. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

108. Accordingly, the FLSA collective of similarly situated Plaintiffs should be certified as defined as in Paragraph 15 and notice should be promptly sent. At all times hereinafter mentioned, Koda has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

### KODA RECKLESSLY DISREGARDED ITS FLSA OBLIGATIONS

109. Koda was aware of the requirements of the Fair Labor Standards Act.

110. Koda did not investigate the legality of its classification of Reherman and the Putative Class Members as exempt from overtime pay.

111. Koda did not review the job descriptions of Reherman and the Putative Class Members.

112. Koda did not conduct any time studies of the exempt and non-exempt job duties performed by Reherman and the Putative Class Members.

113. Koda was aware of Reherman and the Putative Class Members' job duties.

114. Koda was aware of Reherman and the Putative Class Members' primary duties.

115. Koda was aware of Reherman and the Putative Class Members' hours worked.

116. Koda was aware Reherman and the Putative Class Members worked in excess of forty hours in a workweek.

117. Koda recklessly disregarded its FLSA obligations and misclassified Reherman and the Putative Class Members as exempt from overtime pay.

## RELIEF SOUGHT

118. Reherman respectfully prays for judgment against Koda as follows:

   a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 15 and requiring Koda to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

   b. For an Order approving the form and content of a notice to be sent to all potential FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

   c. For an Order pursuant to Section 16(b) of the FLSA finding Koda liable for unpaid back wages due to Reherman (and those Putative Class Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Reherman (and those Putative Class Members who have joined in the suit);

   d. For an Order awarding the costs and expenses of this action;

   e. For an Order awarding the attorneys' fees;

   f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law.

Dated: January 28, 2022

Of Counsel:

Michael A. Josephson
Andrew W. Dunlap
Rachael Rustmann
JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rrustmann@mybackwages.com

Richard J. (Rex) Burch
BRUCKNER BURCH, PLLC
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

Respectfully submitted,

FARNAN LLP

/s/ *Michael J. Farnan*
Sue L. Robinson (Bar No. 100658)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market St.
12th Floor
Wilmington, DE 19801
Telephone: 302-777-0300
Facsimile: 302-777-0301
srobinson@farnanlaw.com
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

**Attorneys in Charge for Reherman and the Putative Class Members**